FILED

JULY 20, 2007
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| DAMEON LLOYD SIMS, PRO SE, | § | |
| TDCJ-CID No. 568384 | § | |
| Previous TDCJ- CID No. 461780 | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0177 |
| | § | |
| GARY JOHNSON ET AL., | § | |
| | § | |
|     Defendants. | § | |

**REPORT AND RECOMMENDATION
TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On this day came for consideration defendant's May 15, 2007 Motion for Summary

Judgment with supporting Brief and attached exhibits.

Plaintiff responded on June 27, 2007 by filing his response with attachments.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, filed the instant cause while a prisoner confined in the Texas

Department of Criminal Justice, Correctional Institutions Division, pursuant to Title 42, United

States Code, section 1983, complaining against defendants GARY JOHNSON, DAVID COLE,

DENNIS RHOTEN, GENE SMITH, CAPTAIN FREDRICK MERIDA, NFN PRECIANO,

JAMIE BAKER, JOE PONDER, WILLIAM GONZALEZ, KELLY SUTTON, RONALD

LACY, NFN MOXIN, DARLA BURNS, JILL WELCH, LYNN ALLEN, KILLI WARD, P.

WHJITE, and SUSAN SCHUMACHER.

On January 10, 2007, a Report and Recommendation was issued addressing all of

plaintiff's claims except those against defendant SMITH and recommending that all of these

claims against all defendants other than defendant SMITH be dismissed.

In the January 10, 2007 Report and Recommendation, the Court noted plaintiff's

September 16, 2004, document which the Clerk docketed as "Document titled 'PRELIMINARY

STATE,'" and that, upon closer examination of the document, it was clear plaintiff had entitled it

"Complaint" and the phrase "Preliminary State" was simply a section heading.  The Court found

the September 16, 2004 document to be an Amended Complaint which superseded the original

complaint and rendered it of no legal effect since the amended complaint did not specifically

refer to and adopt or incorporate by reference the earlier pleading.  *King v. Dogan*, 31 F.3d 344,

346 (5th Cir. 1994); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

Therefore, the Court construed and continues to construe plaintiff's September 16, 2004

"Complaint," which was docketed as  plaintiff's "Preliminary State" to be his amended

complaint.

By his September 16, 2004 amended complaint, plaintiff claims he was subjected to an

unnecessary use of force by defendant SMITH on July 30, 2002.  Plaintiff claims the use of force

also constituted the state law torts of assault and battery.

Plaintiff requests an award of compensatory and punitive damages[1].

## UNDISPUTED FACTS

Plaintiff, appearing *pro se*, filed this suit while a prisoner in the custody of the Texas

Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) and was

incarcerated at the Neal Unit during the time relevant to this cause.  At all times relevant to this

cause, defendant SMITH was employed with the Texas Department of Criminal Justice, Neal

Unit[2].  The Texas Department of Criminal Justice (TDCJ) is an agency of the State of Texas.  On

July 30, 2002, a use of force occurred involving plaintiff SIMS and defendant SMITH at the

Neal Unit.

## THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1]Plaintiff also requested injunctive relief in the form of an order that he be evaluated and treated by a free-world physician with expertise in neck and spinal injury, that his disciplinary convictions from the use of force incident be expunged, and that he be transferred to a unit of the Northern District of the Texas Department of Criminal Justice; however, plaintiff's release from the prison system has rendered these requests moot.

[2]Plaintiff is no longer incarcerated in TDCJ, and defendant no longer works as a correctional officer.

of law.  Federal Rule of Civil Procedure 56(c).  Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party bears the burden of proof.  *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Because the consequences of summary judgment are so severe, the court must be careful to avoid premature termination of legitimate lawsuits merely because of unskilled presentations.  *Murrell v. Bennett*, 615 F.2d 306 (5th Cir. 1980).  In determining a movant's request for summary judgment, all reasonable inferences must be made in favor of the party opposing the motion.  *Phillip's Oil Co. v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 107 (1987).  Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law.  *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552.  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Upon such a showing, the burden of production shifts to the nonmovant to delineate specific facts which demonstrate the presence of a genuine issue of material fact.  *Id.*; *Judwin Properties, Inc. v. U.S. Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir. 1992).  A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict.  If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied.  *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

3

## THE STANDARD OF SUMMARY JUDGMENT REVIEW
## UPON A PLEA OF QUALIFIED IMMUNITY

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all.  *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).  Analysis at this stage is performed under the "currently applicable constitutional standards."  *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993).

If the initial inquiry is satisfied, the second prong of the qualified immunity test must be considered:  whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in  light of contemporaneous clearly-established law.  *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998).  Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question.  *Id*. (citing *Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant SMITH adduces evidence to show plaintiff's injury, if any, was *de minimis*.  Defendant argues he is entitled to qualified immunity and that plaintiff's claims against him in his official capacity are barred by the Eleventh Amendment.

Plaintiff responds that his affidavit and various witness statements show the force used against him was unnecessary and excessive.  Plaintiff further argues his resulting injuries include a speech problem causing him to stutter, headaches, and an inability to use his arms effectively, limiting his ability to earn a living[3].

---

[3]These injuries are not alleged in the amended complaint but are contained within plaintiff's unsworn reply to defendant's motion for summary judgment.

4

## THE LAW AND ANALYSIS

### Official Capacity

A suit against an official in his official capacity is actually a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 361-62, 116 L.Ed.2d 301 (1991); *Sanders v. English*, 950 F.2d 1152, 1158 (5th Cir. 1992). The Eleventh Amendment bars suit against a state or a state official[4] unless the State has waived its immunity or Congress has abrogated state immunity under section 5 of the Fourteenth Amendment; however, no waiver or congressional abrogation of immunity exists with respect to claims asserted under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Therefore, plaintiff's claims against SMITH in his official capacity are barred by the Eleventh Amendment.

### Individual Capacity

Contemporary standards of decency are always violated when force is used by prison officials maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 1000, 117 L.Ed.2d 156 (1992)(citing *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 1088, 89 L.Ed.2d 251 (1986)). This is true regardless of whether a significant injury is evident. Nevertheless, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. *See, Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir.), *cert. denied sub nom. John v. Johnson*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973)). *De minimis* uses of physical force are excluded, provided that the use of force is not "'repugnant to the conscience of mankind.'" *Whitley v. Albers*, 475 U.S. at 327, 106 S.Ct. at 1088 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976)(internal quotation marks omitted).

---

[4]An exception to this general principle was created in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which the Supreme Court held that a suit for prospective injunctive relief, challenging the constitutionality of a state official's action in enforcing state law, is not one against the State. *Id.*, at 159-160, 28 S.Ct., at 453-54. *See, also, Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)(the Eleventh Amendment grants the States an immunity from retroactive monetary relief, but state officers are not immune from prospective injunctive relief). However, plaintiff does not request any relief that would fall under this exception and, in light of his release from incarceration, any request for such relief, had it been made, would now be moot.

In examining a claim of excessive force, the core inquiry is "whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992) (citing *Whitley v. Albers*, 475 U.S. 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986)).  To determine whether the use of force could plausibly have been thought necessary or evinced a wanton infliction of pain, the Court may evaluate the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived, and any efforts made to temper the severity of the response by prison officials.  An absence of serious injury is relevant to this inquiry, but does not constitute its entirety.  *Id.* 503 U.S. at 7, 112 S.Ct. at 999.

The evidence of record, including the use of force report on the July 2002 incident concluding that the force utilized was appropriate [Exhibit A to defendant's motion for summary judgment at page 4] and various witness statements [Exhibit C to plaintiff's response], including the witness statement from Officer Tracey Hardy [Exhibit D to plaintiff's response], reflects a material fact issue to be present concerning whether plaintiff was subjected to force which was unnecessary and not applied in an effort to maintain or restore discipline.

The Court notes the witness statements supporting plaintiff's version of the incident do not merely show a *de minimis* use of force with de minimis injury such as a single blow to the head causing a contusion, *Jackson v. R. E. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993)(citing *Olson v. Coleman*, 804 F.Supp. 148, 150 (D.Kan. 1992); a momentary choking, *id.* (citing *Candelaria v. Coughlin*, 787 F.Supp. 368, 374 (S.D.N.Y. 1992) aff'd 979 F.2d 845 (2nd Cir. 1992); or a twisted ear which was bruised and sore for three days, *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997).  Instead, plaintiff, like the plaintiff in *Gomez v. Chandler*, 163 F.3d 921 (5th Cir. 1999), has presented evidence that he was punched in the face or about the body several times.  While the ultimate fact finder may find the use of force justified and not excessive, plaintiff has produced enough summary judgment evidence to raise a genuine factual issue.

6

Further, a review of the medical records presented by both sides shows the issue of injury presents an additional issue of material fact.

After the incident, plaintiff complained only that his left knee hurt and that he had previously had surgery on that knee [Exhibit A at p. 68]. Nurse Burnes noted plaintiff's limp and "guarded" ambulation, but photographs taken contemporaneously do not show any swelling of plaintiff's knee or any other injury [Exhibit A at pp. 70-71]. Plaintiff's knee was x-rayed the next day and reviewed on August 2, 2002 by a Dr. Aragon, who noted only "Mild degenerative changes." [Exhibit B at p. 3]. Subsequently, plaintiff requested to be seen by medical personnel to reinstate his lower bunk restriction [Exhibit B at p. 11 ]. When seen cellside on August 7, 2002, plaintiff's only complaint was that his former knee surgery made it unsafe for him to climb up and down to an upper bunk.

On August 12th, plaintiff complained of neck and back pain, attributing it to injuries sustained in the use of force [Exhibit B at p. 11 ]. On August 14th, plaintiff was examined by Dr. Lacy who noted the complaints of neck, back, and knee pain were the same as complaints made prior to the July 30th incident, that plaintiff has had the same complaints long term, and the x-ray of plaintiff's knee showed only degenerative joint disease ("DJD") [Exhibit B at p. 11 ]. Further, Dr. Lacy noted it was difficult to examine plaintiff because he exaggerated when he was touched and would not extend his left knee or walk straight legged. He felt no spasm in plaintiff's neck or back and recorded that plaintiff would not allow straight leg raises. Nevertheless, he found no trauma to plaintiff's neck and no nodes or burning. He recommended x-rays of plaintiff's cervical and lumbar spine when plaintiff was released from administrative segregation and prescribed Indocin [Exhibit B at 10].

X-rays of plaintiff's neck were taken September 4th and were read by a Dr. Archer on September 5th, who found only early degenerative disc disease at C6-7 [Exhibit B at p. 2].

When examined on September 9th, no spasm was found in plaintiff's neck muscles; however, he refused to allow an adequate exam, refusing to turn his head or walk on his toes

[Exhibit B at p. 7].  On September 16th, Dr. Lacy discontinued plaintiff's restrictions until plaintiff had been examined by Dr. Lacy [Exhibit B at p. 7].  On September 19th, medical personnel were called to plaintiff's cell because of a possible fall; however, plaintiff would not allow anyone to examine him except the doctor [Exhibit B at p. 6].  Doctor Lacy refused plaintiff's demand and instructed him to submit a sick call request [Exhibit B at p. 5].  When plaintiff did so, he was scheduled for an appointment and was examined by a nurse on September 24th.  The nurse found tenderness in the cervical area of plaintiff's back and scheduled a September 27th appointment with Dr. Lacy, who noted plaintiff would not move his neck but found no spasm in the trapezius muscles.  Doctor Lacy concluded that he found no evidence of injury to plaintiff's neck on exam and felt plaintiff was "malingering to a certain extent," noting plaintiff had lied to him about previous back complaints to get a bottom bunk [Exhibit B at p. 4].  Doctor Lacy also found no edema on plaintiff's knee, noting it was stable, with negative drawer sign [Exhibit B at p. 5-4].  Plaintiff's Indocin was discontinued and he was prescribed Naproxyn 500 B.I.D. for thirty days.

While the medical evidence outlined above very strongly supports defendant's argument of "no injury" or a "de minimis" injury, the Court, considering the standard for summary judgment and viewing the evidence in the light most favorable to plaintiff, concludes plaintiff has presented enough evidence to raise one or more material factual issues.  Discounting plaintiff's unsworn eleventh hour assertions of stuttering and of an inability to move his arms, plaintiff has presented his statement that he suffered an injury, for which he sought medical attention and which, at a minimum, he contends aggravated a pre-existing knee condition.  The fact-finder may or may not ultimately find Dr. Lacy's diagnosis of malingering to be correct.  This issue, however, should be resolved by the fact finder.

If an injury is found by the fact finder and attributed to the alleged use of force, the facts of this case appear closer to the *Gomez* precedent than that set by *Siglar*, and will not suffice to show the *de minimis* force in this case.  In making this determination, the Court notes the extent

8

of injury suffered by an inmate is only one of several factors considered in determining whether the use of force was wanton and unnecessary; however, the absence of serious injury does not end the Eighth Amendment inquiry which, at its core, addresses whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Consequently, a de minimis injury alone, does not deprive an inmate of an Eighth Amendment claim.

## CONCLUSION

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of the nonmoving party, there are material issues of disputed fact which preclude entry of summary judgment in the instant cause. Federal Rule of Civil Procedure 56(c).

It is the opinion of the Magistrate Judge and RECOMMENDATION to the United States District Judge that defendant's motion for summary judgment be DENIED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>20th</u> day of July 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or

electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).
Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14ᵗʰ) day after this
recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R.
Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local
Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the
Report and Recommendation."  Objecting parties shall file the written objections with the United
States District Clerk and serve a copy of such objections on all other parties.  A party's failure to
timely file written objections to the proposed findings, conclusions, and recommendation
contained in this report shall bar an aggrieved party, except upon grounds of plain error, from
attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and
recommendation set forth by the Magistrate Judge in this report and accepted by the district
court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996);
*Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).