

**FILED**
**AUGUST 17, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAMEON LLOYD SIMS, PRO SE, | § | |
| TDCJ-CID No. 568384 | § | |
| Previous TDCJ-CID No. 461780 | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0177 |
| | § | |
| GARY JOHNSON, DAVID COLE, | § | |
| DENNIS RHOTEN, GENE SMITH, | § | |
| FREDRICK MERIDA, NFN PRECIANO, Lt., | § | |
| JAMIE BAKER, JOE PONDER, | § | |
| WILLIAM GONZALEZ, KELLY SUTTON, | § | |
| RONALD LACY, NFN MOXIN, Doctor, | § | |
| DARLA BURNS, JILL WELCH, | § | |
| LYNN ALLEN, KILLI WARD, | § | |
| P. WHITE, and | § | |
| SUSAN SCHUMACHER, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION,
## ORDER ADOPTING REPORT AND RECOMMENDATION
## WITH RESPECT TO DEFENDANT MERIDA, AND PARTIAL ORDER OF DISMISSAL

Plaintiff DAMEON LLOYD SIMS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis

On September 16, 2004, plaintiff filed a document which the Clerk docketed as "Document titled 'PRELIMINARY STATE;'" however, closer examination of the document shows plaintiff entitled it "Complaint" and the phrase "Preliminary State" is simply a section heading. The Court has construed the September 16, 2004 document to be plaintiff's Amended

Complaint. An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985).

On January 10 , 2007, a Report and Recommendation was issued by the United States Magistrate Judge analyzing plaintiff's claims against all defendants except defendant SMITH and recommending plaintiff's civil rights claims against defendant MERIDA be DISMISSED AS FRIVOLOUS UNTIL THE *Heck* CONDITIONS HAVE BEEN MET and that plaintiff's civil rights claims against defendants JOHNSON, COLE, RHOTEN, PRECIANO, BAKER, PONDER, GONZALEZ, SUTTON, LACY, MOXIN, BURNS, WELCH, ALLEN, WARD, WHITE, and SCHUMACHER be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES BEFORE FILING SUIT. Lastly, the Magistrate Judge recommended that the Court decline to exercise pendent jurisdiction of all claims sounding in state tort law asserted against any defendants except defendant SMITH and that such state tort claims be DISMISSED WITHOUT PREJUDICE.

The response period has expired, and no objections have been filed.

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation. The Court is of the opinion that the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court as it relates to plaintiff's claims against defendant MERIDA[1].

---

[1] Plaintiff's claims against defendant MERIDA were recommended for dismissal with prejudice as frivolous until the *Heck* conditions have been met.

The Court notes that plaintiff's claims against defendants JOHNSON, COLE, RHOTEN, PRECIANO, BAKER, PONDER, GONZALEZ, SUTTON, LACY, MOXIN, BURNS, WELCH, ALLEN, WARD, WHITE and SCHUMACHER were recommended for dismissal based on plaintiff's failure to exhaust administrative remedies against these defendants. After issuance of the Report and Recommendation, the Supreme Court ruled in *Jones v. Bock*, ____ U.S. ____, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), that exhaustion of administrative remedies is an affirmative defense, not an element of the action that must be specially pleaded in the complaint. The Supreme Court observed that Rule 8, Federal Rules of Civil Procedure, required only "a short and plain statement of the claim" and that section 1983 contained no exhaustion requirement.

In light of *Bock*, the Court has reviewed and re-analyzed plaintiff's claims against defendants JOHNSON, COLE, RHOTEN, PRECIANO, BAKER, PONDER, GONZALEZ, SUTTON, LACY, MOXIN, BURNS, WELCH, ALLEN, WARD, WHITE and SCHUMACHER. The Court concludes plaintiff's claims against these defendants are, nonetheless, subject to dismissal as frivolous and for failure to state a claim on which relief can be granted.

Plaintiff alleges that, after defendant SMITH's alleged assault, defendant PRECIANO asked what had happened and another guard responded that defendant SMITH had beaten plaintiff without any cause. Plaintiff alleges PRECIANO then ordered that the camera be turned off and, once the camera was no longer rolling, instructed the guard never to say anything like that. Plaintiff claims PRECIANO then brought plaintiff out of the dorm and had the camera turned back on. Plaintiff says he then limped in pain to the infirmary where he was taken for a

3

pre-hearing detention physical. Plaintiff claims this act by defendant PRECIANO constituted an attempt to conceal defendant SMITH's actions. Plaintiff, however, does not explain how it violated his own constitutional rights. To the extent plaintiff is attempting to claim an interference with due process in connection with his subsequent disciplinary case, plaintiff's claim against PRECIANO is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary hearing have already been overturned, either on administrative appeal, through habeas, or by some other means. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997)(applying *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) to prison disciplinary cases involving a loss of goodtime credits). Plaintiff's claim against defendant PRECIANO lacks an arguable basis in law and is frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff claims defendants LACY, MOXIN, BURNS, and WELCH exhibited deliberate indifference to plaintiff's serious medical need for treatment of the injuries sustained in the challenged use of force and defendants GONZALEZ and SUTTON failed to respond to plaintiff's complaints and supervise medical personnel properly to ensure plaintiff received proper medical care.

Specifically, plaintiff alleges defendant BURNS examined him after the use of force but did not look at plaintiff's knee, inside his mouth, or under his shirt to check for bruises or cuts. Plaintiff alleges defendant WELCH while making her rounds, would stop at plaintiff's cell and ask if he was all right. Plaintiff says she responded to his complaints of pain and swelling by instructing plaintiff to fill out a sick call and submit it but plaintiff's sick call requests did not

4

produce a doctor's appointment until September 9th, when he saw defendant Dr. LACY. Plaintiff complains defendant LACY responded to plaintiff's complaints during the September 9th examination by getting angry and ordering plaintiff out of his office. Plaintiff claims, on a later occasion, defendant Dr. MOXIN disagreed with the removal of plaintiff's bottom bunk/bottom floor housing restrictions but when defendant WELCH saw MOXIN had reinstated the restrictions, she informed Dr. LACY, who cancelled them again. Plaintiff complains that, after that incident, defendant MOXIN refused to re-evaluate plaintiff's restrictions.

Plaintiff's allegations against defendants BURNS and WELCH state, at most, a claim of negligence, if that. Plaintiff alleges no fact known to either defendant "from which the inference could be drawn that a substantial risk of serious harm exist[ed], and [that they drew] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). As to defendant LACY's examination of plaintiff, plaintiff says he found it painful and protested, triggering LACY's demand that he leave. This allegation does not show deliberate indifference, but again, at most, negligence, if that. In addition, plaintiff's allegations of LACY's disagreement with MOXIN over plaintiff's bottom floor/bottom bunk restrictions shows only a disagreement between doctors over plaintiff's medical needs, not deliberate indifference by either. The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A prisoner's disagreement with prison officials regarding medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, "negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d

5

191, 195 (5th Cir. 1993). Plaintiff's allegations against defendants BURNS, WELCH, LACY, and MOXIN do not support a claim of deliberate indifference but show, at most, negligence and disagreements over plaintiff's medical care. Thus, plaintiff has not stated a claim of deliberate indifference against all or any of these defendants.

Plaintiff complains that, when Dr. LACY ordered him to leave the September 9th examination, plaintiff asked to speak with defendant SUTTON who came and also told plaintiff to get up and leave even though plaintiff was weeping from pain. Plaintiff does not state how SUTTON could have known plaintiff's tears were the result of his pain or that he was in substantial risk of serious harm if he left at that time without further medical care. In fact, plaintiff does not allege any actual worsening of his condition or any other harm resulted. Plaintiff's allegation against defendant SUTTON does not indicate he knew of "facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and drew that inference. *Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979.

As to defendant GONZALES, plaintiff alleges he wrote a letter of complaint to defendant GONZALEZ, the Medical Director, but received no satisfactory resolution. Again, plaintiff does not indicate defendant GONZALES had any personal knowledge that plaintiff was not receiving appropriate medical care, much less of facts indicating a substantial risk of serious harm to plaintiff. *Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. Plaintiff complains defendant GONZALES failed to arrange for plaintiff to receive an M.R.I. scan; however, merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). Further, to the extent GONZALES is in a

supervisory position, the acts of subordinates trigger no individual section 1983 liability for supervisory officers, *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). Lastly, plaintiff has alleged no fact which would defeat defendant GONZALES' entitlement to qualified immunity.

Plaintiff alleges his grievances concerning the challenged use of force by SMITH and his subsequent disciplinary case were reviewed and denied by defendants SCHUMACHER, COLE, BAKER, WARD, and ALLEN without satisfactory resolutions. Plaintiff further alleges he submitted another grievance concerning another incident involving defendant SMITH but that defendant PONDER took no action in response.

The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants SCHUMACHER, COLE, BAKER, WARD, ALLEN, and PONDER lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Moreover, plaintiff has utterly failed to allege any fact which would defeat the entitlement of these defendants to qualified immunity.

Plaintiff alleges he wrote a letter to defendant GARY JOHNSON complaining that defendant SMITH had assaulted him and other inmates and that prison officials at the unit were covering up SMITH's actions. Plaintiff alleged defendant JOHNSON did nothing except "pass the buck to someone else." Plaintiff alleges defendant RHOTEN is Director of the Office of Inspector General and that, without performing a proper investigation, defendant RHOTEN advised plaintiff that his office would not generate a case against defendant SMITH. Plaintiff says he filed a grievance on the Office of Inspector General and that defendant WHITE told him they were reopening the case, but complains WHITE did nothing when the incident was investigated a second time. Again, plaintiff has no right to a satisfactory investigation or resolution of his complaints concerning defendant SMITH, even when such complaints were made to the Office of the Inspector General or to the Director of the Texas Department of Criminal Justice. Plaintiff has not alleged any fact personally known to defendants JOHNSON, RHOTEN, or WHITE which indicated plaintiff was in serious risk of substantial danger or that any of them drew that inference and ignored it. There is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff's constitutional right was to be protected from excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. Plaintiff has failed to allege any fact to defeat the defense of qualified immunity by any of the above defendants and has failed to allege facts to support a claim that any one or more of them was deliberately indifferent to an excessive risk to his safety.

**CONCLUSION**

This Court does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge in this case solely as it relates to plaintiff's claims against defendant MERIDA.

In addition and in light of the above analysis of plaintiff's claims against defendants JOHNSON, COLE, RHOTEN, PRECIANO, BAKER, PONDER, GONZALEZ, SUTTON, LACY, MOXIN, BURNS, WELCH, ALLEN, WARD, WHITE, and SCHUMACHER, and pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff DAMEON LLOYD SIMS against defendants MERIDA and PRECIANO are DISMISSED AS FRIVOLOUS UNTIL THE *Heck* CONDITIONS HAVE BEEN MET and plaintiff's claims against defendants JOHNSON, COLE, RHOTEN, PRECIANO, BAKER, PONDER, GONZALEZ, SUTTON, LACY, MOXIN, BURNS, WELCH, ALLEN, WARD, WHITE, and SCHUMACHER are DISMISSED WITH PREJUDICE AS FRIVOLOUS and FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Further, the Court declines to exercise pendent jurisdiction of all claims sounding in state tort law asserted against defendants MERIDA, JOHNSON, COLE, RHOTEN, PRECIANO, BAKER, PONDER, GONZALEZ, SUTTON, LACY, MOXIN, BURNS, WELCH, ALLEN, WARD, WHITE, and SCHUMACHER and such claims are DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED THIS  17th  DAY OF AUGUST, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE